FILED
CLERK

9:56 am, Apr 09, 2018

U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
---------------------------------------------------------X
DOROTHY SHOOK,

                Plaintiff,         **MEMORANDUM OF**
                                                **DECISION & ORDER**
         -against-          2:16-cv-5608 (ADS)

NANCY A. BERRYHILL,
 Acting Commissioner of Social Security,

                Defendant.
---------------------------------------------------------X

**APPEARANCES:**

**Olinsky Law Group**
*Attorneys for the Plaintiff*
300 South State Street, Suite 420
Syracuse, NY 13202
       By:    Howard D. Olinsky, Esq., Of Counsel

**United States Attorney's Office for the Eastern District of New York**
*Attorneys for the Defendant*
271 Cadman Plaza East
Brooklyn, NY 11201
       By:    Rachel Balaban, Assistant United States Attorney

**SPATT, District Judge**:

On October 7, 2016, the Plaintiff Dorothy Shook (the "Plaintiff" or the "Claimant") commenced this appeal pursuant to the Social Security Act, 42 U.S.C. § 405 *et seq.* (the "Act"), challenging a final determination by the Defendant, Nancy A. Berryhill, the Acting Commissioner of the Social Security Administration (the "Defendant" or the "Commissioner"), that she is ineligible to receive Social Security disability insurance benefits.

Presently before the Court are the parties' cross motions, pursuant to Federal Rule of Civil Procedure ("FED. R. CIV. P." or "Rule") 12(c) for a judgment on the pleadings. For the reasons

1

that follow, the Plaintiff's motion is denied in its entirety, and the Defendant's motion is granted in its entirety.

## I. BACKGROUND

On June 7, 2013, the Plaintiff applied for disability insurance benefits under the Act, alleging that she has been disabled since June 1, 2012. The Plaintiff claims that she is disabled primarily due to chronic obstructive pulmonary disease ("COPD"), diabetes, a herniated disc, high cholesterol and hypertension.

Her claim was initially denied on October 18, 2013, and she requested a hearing. Shook appeared with counsel before Administrative Law Judge April M. Wexler (the "ALJ") on February 20, 2015. On March 24, 2015, the ALJ issued a written decision in which she found that the Plaintiff was not entitled to disability benefits under the Act.

The Plaintiff sought a review by the Appeals Council, who denied her request on August 22, 2016. The ALJ's decision became the final decision of the Commissioner upon the Appeals Council's denial of the Plaintiff's request for review.

On October 7, 2016, the Plaintiff filed the instant action. The parties submitted the matter to the Court as fully briefed on August 11, 2017.

For purposes of these motions, familiarity with the underlying administrative record is presumed. The Court's discussion of the evidence will be limited to the specific challenges and responses presently raised by the Plaintiff and the Defendant. In this regard, references to the record are denoted as "R."

## II. DISCUSSION

### A. The Standard for Benefits Under the Act

The Act defines the term "disability" to mean an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). A person may only be disabled if his, "impairments are of such severity that he is not only unable to do his previous work[,] but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. § 423(d)(2)(A).

In determining whether a claimant is disabled, the Commissioner is required to apply the five-step sequential process promulgated by the Social Security Administration, set forth in 20 C.F.R. § 404.1520. *Rosa v. Callahan,* 168 F.3d 72, 77 (2d Cir. 1999). The Claimant bears the burden of proving the first four steps, but then the burden shifts to the Commission at the fifth step to prove that the Claimant is capable of working. *Poupore v. Astrue*, 566 F.3d 303, 306 (2d Cir. 2009); *Kohler v. Astrue*, 546 F.3d 260, 265 (2d Cir. 2008); *Rosa,* 168 F.3d at 77. *See also Perez v. Chater*, 77 F.3d 41, 46 (2d Cir. 1996) ("If the claimant satisfies her burden of proving the requirements in the first four steps, the burden then shifts to the [Commissioner] to prove in the fifth step that the claimant is capable of working."). "If at any step a finding of disability or non-disability can be made, the [Social Security Administration] will not review the claim further." *Barnhart v. Thomas*, 540 U.S. 20, 24, 124 S. Ct. 376, 379, 157 L. Ed. 2d 333 (2003).

Under the five-step sequential evaluation process, the decision-maker decides:

> (1) whether the claimant is currently engaged in substantial gainful activity; (2) whether the claimant has a severe impairment or combination of impairments; (3) whether the impairment meets or equals the severity of the specified impairments in the Listing of Impairments; (4) based on a "residual functional capacity"

assessment, whether the claimant can perform any of his or her past relevant work despite the impairment; and (5) whether there are significant numbers of jobs in the national economy that the claimant can perform given the claimant's residual functional capacity, age, education, and work experience.

*McIntyre v. Colvin*, 758 F.3d 146, 150 (2d Cir. 2014); *Pratts v. Chater*, 94 F.3d 34, 37 (2d Cir. 1996); *Berry v. Schweiker*, 675 F.2d 464, 467 (2d Cir. 1982) (per curiam); 20 C.F.R. §§ 404.1520, 416.920. When conducting this analysis, the ALJ must consider the objective medical facts, the diagnoses or medical opinions based on these facts, the subjective evidence of pain and disability, as well as the claimant's age, background, education and work experience. *Mongeur v. Heckler*, 722 F.2d 1033, 1037 (2d Cir. 1983) (per curiam).

**B. The Standard of Review**

"Judicial review of the denial of disability benefits is narrow" and "[t]he Court will set aside the Commissioner's conclusions only if they are not supported by substantial evidence in the record as a whole or are based on an erroneous legal standard." *Koffsky v. Apfel*, 26 F. Supp. 2d 475, 478 (E.D.N.Y. 1998) (Spatt, J.) (citing *Bubnis v. Apfel*, 150 F.3d 177, 179-81 (2d Cir. 1998)); *accord Machadio v. Apfel*, 276 F.3d 103, 108 (2d Cir. 2002) (citing *Shaw v. Chater*, 221 F.3d 126, 131 (2d Cir. 2000)); 42 U.S.C. § 504(g). *See also Alston v. Sullivan*, 904 F.2d 122, 126 (2d Cir. 1990) ("Where there is substantial evidence to support either position, the determination is one to be made by the factfinder."). The ALJ is required to set forth those crucial factors used to justify his or her findings with sufficient particularity to allow the district court to make a determination regarding the existence of substantial evidence. *Ferraris v. Heckler*, 728 F.2d 582, 587 (2d Cir. 1984).

Accordingly, "the reviewing court does not decide the case *de novo*." *Pereira v. Astrue*, 279 F.R.D. 201, 205 (E.D.N.Y. 2010) (citing *Halloran v. Barnhart*, 362 F.3d 28, 31 (2d Cir. 2004)). Rather, "the findings of the Commissioner as to any fact, if supported by substantial

evidence, are conclusive," *id*. (citing 42 U.S.C. § 405(g)), and therefore, the relevant question is not "whether there is substantial evidence supporting the [claimant's] view"; instead, the Court "must decide whether substantial evidence supports *the ALJ's decision.*" *Bonet v. Colvin*, 523 F. App'x 58, 59 (2d Cir. 2013) (summary order) (emphasis in original). In this way, the "substantial evidence" standard is "very deferential" to the Commissioner, and allows courts to reject the ALJ's findings "'only if a reasonable factfinder would *have to conclude otherwise.*'" *Brault v. Soc. Sec. Admin.*, 683 F.3d 443, 448 (2d Cir. 2012) (per curiam) (quoting *Warren v. Shalala*, 29 F.3d 1287, 1290 (8th Cir. 1994) (emphasis in original)). This deferential standard applies not only to factual determinations, but also to "inferences and conclusions drawn from such facts." *Pena v. Barnhart*, No. 01-cv-502, 2002 WL 31487903, at *7 (S.D.N.Y. Oct. 29, 2002) (citing *Levine v. Gardner*, 360 F.2d 727, 730 (2d Cir. 1966)).

"Substantial evidence means 'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Burgess v. Astrue*, 537 F.3d 117, 127-28 (2d Cir. 2008) (quoting *Halloran*, 362 F.3d at 31); *accord Richardson v. Perales*, 402 U.S. 389, 401, 91 S. Ct. 1420, 1427, 28 L. Ed. 2d 842 (1971); *Williams v. Bowen*, 859 F.2d 255, 258 (2d Cir. 1988). "To determine on appeal whether an ALJ's findings are supported by substantial evidence, a reviewing court considers the whole record, examining the evidence from both sides, because an analysis of the substantiality of the evidence must also include that which detracts from its weight." *Williams*, 859 F.2d at 258 (citing *Universal Camera Corp. v. NLRB*, 340 U.S. 474, 488, 71 S. Ct. 456, 464, 95 L. Ed. 456 (1951)).

An ALJ's findings may properly rest on substantial evidence even where he or she fails to "recite every piece of evidence that contributed to the decision, so long as the record 'permits [the Court] to glean the rationale of an ALJ's decision.'" *Cichocki v. Astrue*, 729 F.3d 172, 178 n.3 (2d

Cir. 2013) (summary order) (quoting *Mongeur*, 722 F.2d at 1040). This remains true "even if contrary evidence exists." *Mackey v. Barnhart*, 306 F. Supp. 2d 337, 340 (E.D.N.Y. 2004) (citing *DeChirico v. Callahan*, 134 F.3d 1177, 1182 (2d Cir. 1998)).

The Court is prohibited from substituting its own judgment for that of the Commissioner, even if it might understandably have reached a different result upon a *de novo* review. *See Rutherford v. Schweiker*, 685 F.2d 60, 62 (2d Cir. 1982); *Koffsky*, 26 F. Supp. at 478 (quoting *Jones v. Sullivan*, 949 F.2d 57, 59 (2d Cir. 1991)).

**C. Application to the Facts of this Case**

The Plaintiff asks this Court to remand the case back to the Commissioner for further proceedings to remedy what the Plaintiff believes was an improper Residual Functional Capacity ("RFC") determination by the ALJ.

**1. As To Whether The ALJ's Residual Functional Capacity Finding Was Supported By Substantial Evidence**

Specifically, the Plaintiff contends that the ALJ's RFC finding is not supported by substantial evidence. Shook argues that "there is no evidence that the avoidance of 'odors, dust, fumes, gasses, pulmonary irritants, and temperature extremes' adequately contemplates [her] limitations resulting from her COPD and asthma." Docket Entry ("DE") 15 at 10. In opposition, the Commissioner argues that the ALJ's decision that the Plaintiff is not disabled is supported by substantial evidence.

RFC is defined in the regulations as "the maximum degree to which the individual retains the capacity for sustained performance of the physical-mental requirements of jobs." Appendix 2, 20 C.F.R. Part 404 subpart P sec. 200.00(c); *see also* 20 C.F.R. § 404.1545(a); *Melville v. Apfel*, 198 F.3d 45, 52 (2d Cir. 1999) (defining RFC as the "maximum remaining ability to do sustained work activities in an ordinary work setting on a regular and continuing basis" (quoting SSR 96–

6

8p)). This determination requires consideration of "a claimant's physical abilities, mental abilities, symptomology, including pain and other limitations which could interfere with work activities on a regular and continuing basis." *Pardee v. Astrue*, 631 F. Supp. 2d 200, 221 (N.D.N.Y. 2009) (citing 20 C.F.R. § 404.1545(a)). It takes into account "all the relevant evidence, including medical opinions and facts, physical and mental abilities, non-severe impairments, and Plaintiff's subjective evidence of symptoms." *Stanton v. Astrue*, No. 5:07-CV-0803, 2009 WL 1940539, at *9 (N.D.N.Y. July 6, 2009) (citing 20 C.F.R. §§ 404.1545(b)-(e)), *aff'd*, 370 F. App'x 231 (2d Cir. 2010).

Under the fourth step of the sequential evaluation process, the ALJ reviews the RFC and compares it to the demands of her past relevant work. *See* 20 C.F.R. § 404.1520(f). If the Plaintiff is still able to perform the type of activities required by her past employment, she is deemed not to be disabled. *See* 20 C.F.R. § 404.1520(e). In the instant case, ALJ Wexler determined that the Plaintiff "has the residual functional capacity to perform sedentary work as defined in 20 CFR [§] 404.1567(a) except that she needs to avoid concentrated exposure to odors, dust, fumes, gasses, pulmonary irritants and temperature extremes." R. at 14.

The Plaintiff highlights an alleged deficiency in ALJ Wexler's RFC determination: a lack of evidence to substantiate the ALJ's determination that the avoidance of "odors, dust, fumes, gasses, pulmonary irritants, and temperature extremes" adequately contemplates the Plaintiff's COPD and asthma related limitations.

Contrary to the Plaintiff's claim, ALJ Wexler's RFC finding is supported by substantial evidence in the record. As a preliminary matter, it is the Plaintiff's burden to produce evidence of limitations at the time the ALJ determines the RFC. *See Barry v. Colvin*, 606 F. App'x 621, 622 (2d Cir. 2015) (summary order) ("A lack of supporting evidence on a matter for which the claimant

7

bears the burden of proof, particularly when coupled with other inconsistent record evidence, can constitute substantial evidence supporting a denial of benefits."); *McCarthy v. Colvin*, No. 3:16-CV-1716, 2018 WL 495678, at *12 (D. Conn. Jan. 22, 2018) ("Given the claimant's burden of proof at this step of the analysis, the ALJ is not required to address whatever plaintiff claims was 'implied' by the doctor's characterizations." (citing *Barry*, 606 F. App'x at 622)).

To assess the Plaintiff's RFC, the ALJ relied on and gave great weight to the medical opinions of Dr. Janet Tufaro, the consulting physician, and Dr. W Wells, a state agency medical consultant. *See* R. at 18. Dr. Tufaro opined that Shook had moderate restrictions for lifting, carrying, reaching overhead, pushing and pulling, and that she should avoid smoke, dust, or known respiratory irritants. *See* R. at 17. Dr. Wells concluded that "the claimant could stand and walk for six hours total in an eight-hour workday, and lift up to 10 pounds frequently and 20 pounds occasionally." He also noted that she should avoid exposure to fumes and dust. *Id*.

The ALJ's RFC determination regarding the Plaintiff's breathing disorders is ultimately more restrictive than the medical opinions of Drs. Tufaro and Wells. In the Second Circuit, the RFC finding need not "perfectly correspond with any of the opinions of medical sources." *Matta v. Astrue*, 508 F. App'x 53, 56 (2d Cir. 2013) (summary order); *see also Rosa*, 168 F.3d at 79 (2d Cir. 1999) ("the ALJ's RFC finding need not track any one medical opinion"). Remand is generally not appropriate, where the RFC finding is more restrictive than the limitations depicted in the medical opinions. *See Castle v. Colvin*, No. 1:15-CV-00113, 2017 WL 3939362, at *3 (W.D.N.Y. Sept. 8, 2017) ("the fact that the ALJ's RFC assessment did not perfectly match Dr. Balderman's opinion, and was in fact more restrictive than that opinion, is not grounds for remand"); *Savage v. Comm'r of Soc. Sec.*, No. 2:13-CV-85, 2014 WL 690250, at *7 (D. Vt. Feb.

24, 2014) (finding no harm to the plaintiff where ALJ embraced RFC determination that was more restrictive than the medical source's opinion).

To the extent that Shook argues that this determination is inconsistent with the medical opinions at issue, that contention ignores the entirety of the record. The ALJ appropriately relied on the medical opinions of the above-mentioned physicians as well as the testimony of the Plaintiff. Shook failed to present *any medical evidence* that questions or contradicts these opinions. As such, the Court finds that the ALJ's finding with respect to the Plaintiff's breathing-related RFC was supported by substantial evidence.

The Plaintiff's sole piece of evidence that allegedly contradicts ALJ Wexler's RFC determination involves a portion of the Claimant's testimony at the hearing. Shook was asked by her attorney whether "smells such as colognes [and] perfumes … give [her] difficulty now[,]" to which she replied "[y]es." R. at 55. According to the Claimant, "[n]owhere in the decision does the ALJ acknowledge Plaintiff's related symptoms of odor and scent intolerance." DE 16 at 11. This would prevent her from working with the general public as she would be unable to tolerate the scents of other people.

A review of the administrative record reveals that there is not substantial evidence that the Plaintiff experiences a scent or odor intolerance that rises to a level that prevents her from interacting with the general public. As stated previously, there is no medical evidence to support this conclusion. The Plaintiff failed to cite anywhere in the record where the Plaintiff expressed this intolerance to a physician and a review by the Court found no such evidence.

Further, the evidence that the Plaintiff presents, namely her testimony at the hearing, falls far short of providing substantial evidence. Shook's statement that the scents of colognes and/or perfumes "give [her] difficulty" cannot be construed to conclude that she needs to completely

9

avoid interaction with the general public. On the contrary, much of the Plaintiff's testimony provides substantial evidence in support of the ALJ's determination. Shook testified that she regularly goes on errands and shops with her husband. *See* R. at 50. She further stated that she regularly attends medical appointments in doctors offices, and occasionally goes out to dinner and/or a movie with her husband. *See* R. at 46, 51. These are activities that involve extensive interactions with members of the general public and subject the Plaintiff to a variety of the odors at-issue. This testimony corroborates the above-mentioned medical evidence regarding the Plaintiff's COPD and asthma related limitations. The ALJ properly evaluated Shook's medical conditions and the RFC finding is supported by substantial evidence.

The Plaintiff's motion for a judgment on the pleadings pursuant to Rule 12(c) based on the ALJ's RFC determination is denied while the Defendant's motion for a judgment on the pleadings based on the ALJ's RFC finding is granted.

**2. As to Whether the ALJ Posed a Complete Hypothetical to the Vocational Expert**

The Plaintiff states that the ALJ's decision at step four was not supported by substantial evidence because the ALJ provided the vocational expert with an incomplete hypothetical that failed to take into account all of the Plaintiff's COPD-related limitations. Thus, the Plaintiff claims, the job held as past relevant work was inconsistent with her actual RFC.

At the hearing, the vocational expert testified that "a hypothetical individual [that] is limited to sedentary work, but … must avoid concentrated exposure to odors, dust, fumes, gases, pulmonary irritants, and temperature extremes" would qualify to work as a receptionist. R. at 58-59. As the Claimant previously worked as a receptionist from 1998 to 2000, this constitutes past relevant work. The vocational expert was further asked "if such a hypothetical individual … would be limited to no contact with members of the general public, could such a hypothetical individual

perform the job as a receptionist," to which he replied, "[n]o, Your Honor." R. at 59. The Plaintiff contends that the second hypothetical more accurately illustrates her RFC. The Court disagrees.

This claim depends upon the Plaintiff's argument that the RFC is not supported by substantial evidence. As discussed in detail above, the ALJ properly evaluated the record to determine the Plaintiff's RFC. Specifically, the ALJ properly found that directing the Plaintiff to avoid "concentrated exposure to odors, dust, fumes, gasses, pulmonary irritants and temperature extremes," R. at 14, satisfactorily accounted for her COPD. A finding that the Plaintiff is unable to "tolerate the scents individuals carry," DE 16 at 11, is logically flawed and unsupported by substantial evidence. Because the ALJ's RFC finding is supported by substantial evidence, the hypothetical question presented to the vocational expert that was ultimately used by the ALJ is proper. *See Diakogiannis v. Astrue*, 975 F. Supp. 2d 299, 319 (W.D.N.Y. 2013) ("Having determined that substantial evidence supports the ALJ's RFC determination, [the claimant's] argument is rejected." (citing *Wavercak v. Astrue*, 420 F. App'x 91, 95 (2d Cir. 2011) (summary order)).

As such, the Court concludes that the ALJ's decision at Step Five is supported by substantial evidence. The Plaintiff's motion for a judgment on the pleadings pursuant to Rule 12(c) on that basis is denied and the Defendant's cross-motion for judgment on the pleadings on that basis is granted.

### III. CONCLUSION

Accordingly, for the reasons stated above, the Plaintiff's motion for judgment on the pleadings pursuant to Rule 12(c) is denied in its entirety, and the Defendant's motion for judgment on the pleadings dismissing the complaint is granted in its entirety.

The Clerk of the Court is respectfully directed to terminate [25] motion to substitute party, and is further instructed to close this case.

It is **SO ORDERED:**

Dated: Central Islip, New York

April 9, 2018

                                                    */s/ Arthur D. Spatt*

                                                  ARTHUR D. SPATT

                                              United States District Judge